IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| GREGORY LEE, #184 070 | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 2:05-CV-1143-T (WO) |
| WARDEN FORNISS, *et al.*, | * |
| Defendants. | * |

_____

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On December 2, 2005, Gregory Lee, an inmate incarcerated at the Staton Correctional Facility located in Elmore, Alabama, filed the instant civil rights action. Plaintiff requests leave to proceed in this action *in forma pauperis*.

Under the provisions of 28 U.S.C. § 1915, a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]  28 U.S.C. § 1915(g).

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."

DISCUSSION

Given the application of 28 U.S.C. § 1915(g), this action shall not be permitted to proceed. Court records establish that Plaintiff, while incarcerated or detained, has on at least three occasions had civil actions and/or appeals dismissed as frivolous, as malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915. The cases on which the court relies in finding a violation of § 1915(g) are as follows: (1) *Lee v. Haley, et al.*, Civil Action No. 2:00-CV-985-T (M.D. Ala. 2000), (2) *Lee v. Haley, et al.*, Civil Action No. 2:02-CV-1343-A (M.D. Ala. 2003), and (3) *Lee v. Holt, et al.*, Civil Action No. 2:03-CV-1055-D (M.D. Ala. 2003).

The court has reviewed the allegations presented in the instant complaint and finds that they do not allege nor in any way indicate that Plaintiff was "under imminent danger of serious physical injury" at the time the instant complaint was filed as is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g). *See Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999). Given the "three strikes" provision of § 1915(g) and the fact that Plaintiff's instant complaint does not show that he is in imminent danger of serious physical injury, this action shall be dismissed pursuant to 28 U.S.C. § 1915(g).

Based on the foregoing, the court concludes that Plaintiff shall be denied leave to proceed *in forma pauperis* and this case should be dismissed without prejudice for Plaintiff's failed to pay the requisite filing fee upon the initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper

procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

CONCLUSION

In light of the foregoing, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Plaintiff on December 2, 2005 (Doc. No. 2) is DENIED.

It is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **3 January 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 16th day of December 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE